**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **LARRY ANTHONY BOOKER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:20cv00011** |
| | ) | |
| **CITY OF LYNCHBURG, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff Larry Anthony Booker, (Mr. Booker) moves this Honorable Court for leave to file an Amended Complaint, as follows:

## I. INTRODUCTION

Mr. Booker proposes amending the Complaint to:

(1)  Clarify and provide more factual support for its existing claims;

(2)  Re-plead the Fourteenth Amendment claim for pre-trial detainees, and;

(3)  Add an unlawful search claim.

These amendments are appropriate to address concerns raised by this Honorable Court in its July 22, 2020 Order, and to obtain relief under all relevant laws for the Plaintiff.  Mr. Booker maintains that the proposed amendment would not unreasonably delay proceedings or cause any unfair prejudice to Defendants.

## II.  FACTUAL BACKGROUND

This case brought by the Plaintiff arises from allegations of violations of 42 U.S.C. §1983, use of excessive force, conspiracy to violate civil rights, assault and battery, negligence, intentional infliction of emotional distress, malicious prosecution, negligent retention, failure to train, and unconstitutional policy against the City of Lynchburg, Lynchburg Chief of Police, Lynchburg City

Police Department, L.I. Schartiger ("Schartiger"), J.H. Bragg ("Bragg"), and N.R. Godsie ("Godsie"), based upon the brutal beating of Plaintiff by the defendant police officers. Mr. Booker filed his original Complaint in this case on March 17, 2020.

The Defendants responded with a motion seeking dismissal of all claims against the City of Lynchburg, Lynchburg City Police Department, and the Lynchburg City Chief of Police.  The Defendants sought to dismiss Count IV claim of violation of the Fourteenth Amendment right to substantive due process pursuant to 42 U.S.C. §1983, Count VIII claim of simple negligence; Count IX claim of Intentional Infliction of Emotional Distress, and Counts V, VI, and VII, municipality claims against the three officers, Schartiger, Bragg, and Godsie.

On July 22, 2020, the Court granted the Defendants' motion to dismiss certain claims in the Complaint.  Although it determined that Mr. Booker claims would be dismissed, the Court acknowledged Plaintiff's request to amend his Complaint, with a mandate directing no later than 15 days from the dismissal order with an attached proposed Amended Complaint.

The original Complaint did not allege a claim for an unlawful search.  Mr. Booker now asserts that the Defendants violated his constitutional guarantee against unreasonable searches, specifically, Officer Schartiger's intrusion on Mr. Booker's vehicle without a warrant or having the required probable cause.

In order to state its claims with greater specificity, to clarify their factual underpinnings, and to assert an additional claim supported by the facts already familiar to both parties, Mr. Booker now seeks leave to amend its Complaint. Its proposed amended Complaint is attached hereto as Exhibit 1.

### III. ARGUMENT AND CITATION OF AUTHORITIES

A party may move at any time to amend its Complaint by leave of the court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has declared that "this mandate is to be heeded," explaining that:

> [i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis 371 U.S. 178, 182 (1962) (reversing denial of motion to vacate judgment and allow amendment of Complaint).

The timing of this Motion would not constitute "undue delay." The Defendant has not yet had an opportunity to even file its Answer.  Notably, initial disclosures were exchanged on July 11, 202, less than 30 day ago.  This Court has recognized similar timing as a basis for granting leave to amend a Complaint. Dunay v. Schering-Plough Corp., No. 5:05CV00080, 2006 WL 2129450, (W.D. Va. July 28, 2006) (Conrad, J.). The Fourth Circuit, moreover, has reversed denial of a motion for leave to amend filed on the day of trial. Sweetheart Plastics, Inc. v. Detroit Forming, Inc., 743 F.2d 1039, 1044-1045 (4th Cir. 1984) (no prejudice caused by delay because relevant facts already familiar to defendant). This motion is well within the timeframe in which amendments are typically allowed.

The Court has already acknowledged Plaintiff's request to amend his Complaint, thus, we could find no basis as to even consider this motion untimely, even though, "[d]elay alone is an insufficient reason to deny leave to amend." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th

Cir. 1999) (reversing denial of plaintiff's second motion for leave to amend counter-complaint one month before close of discovery).

The Fourth Circuit has interpreted the "liberal rule" of 15(a) to "provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.' " Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (reversing denial of motion to amend) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) (same)). It is clear that none of these factors is present in this case.

The Plaintiff here only seeks merely to clarify its theory of the case and to assert an additional claim based on the same factual circumstances already identified. Such an amendment is not prejudicial. *See* Foman, 371 U.S. at 182 ("the amendment would have done no more than state an alternative theory for recovery"); Ward Elec. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987) (finding that an amendment changing the plaintiff's theory of the case was not a sufficient reason for denial of leave to amend). Allowing such an amendment instead would serve "the general policy embodied in the Federal Rules favoring resolution of cases on their merits. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (reversing denial of leave to amend Complaint).

Indeed, the proposed amended Complaint would impose essentially no additional burden on Defendants. Virtually, very limited discovery has been conducted thus far and an additional claim would not significantly expand the scope of discovery required. *See* Smith v. James C Hormel School of Virginia Institute of Autism, No. 3:08-CV-00030, 2010 WL 1257656, *9 (W.D. Va. March 26, 2010) (granting motion to amend Complaint in part because no duplicative discovery would be required); Ambrose v. Southworth Products Corp., 953 F. Supp. 728, 732

(W.D. Va. 1997) (granting motion to amend Complaint in part because discovery not "substantially complete"). All of the claims alleged in the amended Complaint are based on the same factual background as those in the original Complaint, and "[b]ecause defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case." Davis, 615 F.2d at 613 (reversing denial of leave to amend Complaint). Far from a dilatory effort to impose a burden on Defendant, the proposed amendments instead represent a good-faith effort to address more precisely the very matters raised in the original Complaint.

Finally, Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible.   Plaintiff's proposed amended Complaint alleges the elements of its claims and the facts necessary to support them with greater clarity and specificity than did the original Complaint. *See* Edwards, 178 F.3d at 242 (amended Complaint allowed because it "merely sought to add specificity to [matters already contained in the Complaint]").

Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed amended complaint. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

Respectfully submitted,

**LARRY ANTHONY BOOKER**

By_____/s/ Carlos A. Hutcherson_____
        Counsel for Plaintiff

Carlos A. Hutcherson, Esq. (VSB: 83100)
Hutcherson Law, PLC
3610 Campbell Avenue
Lynchburg, Virginia 24501
Telephone:     (434) 455-8100
Facsimile:     (888) 351-0363
c.hutchersonesq@yahoo.com
Counsel for Plaintiff


Steven D. McFadgen Sr., Esq. (VSB:83273)
McFadgen Law, PLC
3831 Old Forest Road, Suite 6
Lynchburg, Virginia 24501
Telephone:     (434) 385-4579
Facsimile:     (888) 873-1048
muchmorelaw@gmail.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2020, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Julian F. Harf, Esq.
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia 24153
Telephone:      540-387-2320
Facsimile:      540-389-2350
julianh@guynnwaddell.com
Attorney for Defendants

/s/ Carlos A. Hutcherson
Carlos A. Hutcherson, Esq. (VSB: 83100)
Hutcherson Law, PLC
3610 Campbell Avenue
Lynchburg, Virginia  24501
Telephone:      (434) 455-8100
Facsimile:      (888) 351-0363
c.hutchersonesq@yahoo.com
Counsel for Plaintiff

Steven D. McFadgen Sr., Esq. (VSB:83273)
McFadgen Law, PLC
3831 Old Forest Road, Suite 6
Lynchburg, Virginia 24501
Telephone:      (434) 385-4579
Facsimile:      (888) 873-1048
muchmorelaw@gmail.com
Counsel for Plaintiff