CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

11/12/2020

JULIA C. DUDLEY, CLERK
BY:  s/ A. Little
        DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| **LARRY ANTHONY BOOKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Case No.  6:20-cv-11** |
| | ) |
| **CITY OF LYNCHBURG, ET AL.,** | ) |
| | )  **By: Hon. Robert S. Ballou** |
| | )  **United States Magistrate Judge** |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

Before me is Plaintiff, Larry Booker's ("Booker") motion for leave to file an amended

complaint. Dkt. 22. Defendants object on futility grounds contending that the proposed

amended complaint fails to state a claim against the defendants as to certain counts. Dkt. 27. I

**RECOMMEND GRANTING IN PART AND DENYING IN PART** the motion.

**Background**

On March 17, 2020, Booker filed an eleven-count complaint against Defendants City of

Lynchburg, the Lynchburg City Chief of Police, the Lynchburg City Police Department, and

against Officers Schartiger, Bragg, and Godsie in both their individual and official capacities.

Compl. ¶ 1. Booker alleged deprivations of civil rights under 42 U.S.C. § 1983 and violations

of Virginia law arising from treatment following a July 18, 2020, vehicle stop.[1] Judge Moon

dismissed with prejudice the claims against the Lynchburg City Police Department and the

Lynchburg City Chief of Police, and Booker does not reallege those claims. Dkt. 20. Instead,

---

[1] The facts in this case have been discussed at length in Judge Moon's July 2020 Memorandum Opinion.
Dkt. 20. This Report and Recommendation will not repeat the facts detailed there.

Booker reasserts certain claims against the City of Lynchburg and Officers Schartiger, Bragg, and Godsie.

Claims Against City of Lynchburg:

Judge Moon dismissed *with prejudice* Booker's claims against the City of Lynchburg for Assault and Battery (Count III), Negligence (Count VIII), Intentional Infliction of Emotional Distress (Count IX), Malicious Prosecution (Count X), and Negligent Retention (Count XI). Id. He dismissed *without prejudice* the claims against the City of Lynchburg for Use of Excessive Force (Count I), Conspiracy to Violate Civil Rights (Count II), Municipal Liability for Ratification (Count V), Municipal Liability for Failure to Train (Count VI), and Municipal Liability for Unconstitutional Custom or Policy (Count VII). Id. Booker reasserts each of these claims and adds a Fourth Amendment unlawful search claim against the City in Count I. Am. Compl. ¶¶ 78–85. Booker also reasserts the Negligent Retention claim (Count X), which Judge Moon had dismissed with prejudice. Id. ¶¶ 192–202.

Claims Against Officers Schartiger, Bragg, and Godsie:

Judge Moon dismissed *with prejudice* the municipal liability claims (Counts V, VI, and VII) asserted against Officers Schartiger, Bragg, and Godsie in their individual capacities, and all claims against the officers in their official capacities. Dkt. 20, 21. Judge Moon dismissed the claim for negligence (Count VIII) except to the extent it asserted a claim against the individual defendants in their individual capacities for gross negligence. Id. Judge Moon also dismissed *without prejudice* the claims against the officers for Violation of Substantive Due Process (Count IV) and Intentional Infliction of Emotional Distress (Count IX). Dkt. 20. Booker adds a Fourth Amendment unlawful search claim against the officers in Count I. Am. Compl. ¶¶ 78–85.

The Amended Complaint:

Booker's Amended Complaint asserts the following claims against the City of Lynchburg and the individual officers: Unlawful Search (Count I), Excessive Force (Count I), Conspiracy to Violate Civil Rights (Count II). Booker asserts Assault and Battery (Count III), Fourteenth Amendment Violation (Count IV), Negligence (Count VIII), and Malicious Prosecution (Count IX) against the individual officers. Finally, Booker asserts against the City of Lynchburg Ratification (Count V), Failure to Train (Count VI), Unconstitutional Custom or Policy (Count VII), and Negligent Retention (Count X).

## A. Legal Standards

The Federal Rules of Civil Procedure liberally allow leave to amend a complaint. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. The Fourth Circuit has adopted a "liberal reading of the rule's direction for 'free' allowance," Ward Elec. Serv. Inc. v. First Com. Bank, 819 F.2d 496, 497 (4th Cir. 1987), holding that "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or [when] the amendment would be futile," Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (citing Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

To determine an amendment's futility, a court must determine if the party has failed to plead sufficient facts to survive a motion to dismiss. United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). A court must generally accept as true the facts alleged in the amended complaint, though it "need not accept the legal conclusions drawn from the facts," or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

3

Moreover, a court should consider Rule 15(a)'s underlying intent: "[to] resov[e] cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). Thus, "[u]nless a proposed amendment may clearly be seen to be futile" or is clearly insufficient on its face, a plaintiff must be given every opportunity to cure formal defects in his pleading. Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980). These considerations are especially weighty in construing the sufficiency of civil rights complaints. See, e.g., Arbaugh v. Bd. of Educ., Cty of Pendleton, 329 F. Supp. 2d 762, 767 n.4 (N.D.W. Va. 2004).

### B. Presently Unopposed Claims

Defendants do not object to Booker filing an amended complaint against Officers Schartiger, Bragg, and Godsie as to Count I (Fourth Amendment Unlawful Search and Excessive Force Violations), Count II (Conspiracy to Violate Civil Rights), Count III (Assault and Battery), and Count IX (Malicious Prosecution). Dkt. 27. I find that the interests of justice support allowing Booker to amend these claims. See Fed. R. Civ. P. 15(a)(2). Therefore, I recommend granting Booker's motion for leave to amend as Counts I, II, III, and IX against Officers Schartiger, Bragg, and Godsie in their individual capacity.

### C. Claims Against the City of Lynchburg

#### a. Negligent Retention

Booker reasserts as Count X of the Amended Complaint a claim for negligent retention against the City of Lynchburg. Am. Compl. ¶¶ 192–202. Judge Moon previously dismissed this count with prejudice based on the doctrine of sovereign immunity, Dkt. 20, and Plaintiff acknowledges that he cannot reassert that claim. Thus, I recommend denying Booker's motion for leave to file an amended complaint as to Count X for negligent retention.

#### b. Municipal Liability Claims (Count I, II, V, VI, and VII)

4

Generally, a municipality may be liable under § 1983 based on the unconstitutional actions of individual employees under the principles set forth in Monell v. Dep't of Soc. Servs., 436 U.S. 658, (1978). That is, municipal liability attaches when an employee executes an official municipal policy or custom that results in a violation of plaintiff's rights. Id. at 690–91. Monell does not represent respondeat superior liability nor does it create § 1983 liability solely because a municipal employee violates another person's constitutional rights. Id. at 691.

Booker asserts several Monell claims against the City of Lynchburg in the amended complaint: Use of Excessive Force and Unlawful Search (Count I), Conspiracy to Violate Civil Rights (Count II), Condonation (Count V), Failure to Train (Count VI), and Unconstitutional Custom or Policy (Count VII). Am. Compl. ¶ 1. Booker also asserts additional factual allegations in support of his claims, including: (1) a description of several Lynchburg Police Department policies; (2) an allegation that the Police Department does not mandate annual excessive force training; and, (3) a list of thirteen instances from March 2001 to March 2020 describing injury or malicious prosecution of citizens by Lynchburg Police Department Officers.[2] See, e.g., Am. Compl. ¶¶ 43–44, 61, 65–67, 69–70, 72.

### i. Unlawful Search (Count I)

Booker alleges in Count I of the Amended Complaint that the defendant officers violated his "constitutional guarantee against unreasonable searches . . . when [Officer] Schartiger, in spite of lacking probable cause or a warrant, searched [Booker's] vehicle" after pulling him over

---

[2] These thirteen illustrations may not prove sufficient as litigation continues, and I offer no opinion as to each illustration's relevance. Nevertheless, these instances (considered in their entirety) help support Booker's contentions regarding the scope, duration, and the City's knowledge of constitutional violations. Defendants argue that many of these examples are irrelevant given that they occurred after the incident at issue and that they cannot support Booker's various Monell claims. Nevertheless, these post-event illustrations "can shed some light on what policies existed in the city on the date of an alleged deprivation of constitutional right." Johnson v. Balt. Police Dep't, ELH-19-00698, 2020 WL 1169739 *36 (D. Md. Mar. 10, 2020) (citing Bordanaro v. McLeod, 871 F.2d 1151, 1167 (1st Cir. 1989)). That some of the illustrations occurred after Plaintiff's incident "is beside the point" for this stage in litigation. See id.

for a minor traffic violation. Am. Compl. ¶¶ 12, 81. To state an unlawful search claim against the City, Booker must establish a basis for liability under Monell by alleging sufficient facts to show that a municipal policy or custom caused his injury.

"Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011). Custom requires that such practices are "so frequent in occurrence that actual or constructive knowledge is implied." Jackson v. Brickey, 771 F. Supp. 2d 593, 604 (W.D. Va. 2011) (citing Bd. of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403–04 (1997)).

Booker has failed to sufficiently allege any policy of the City of Lynchburg to provide a basis for municipal liability for his unlawful search claim. Booker proffers no policy statement, ordinance, regulation, or decision officially adopted and promulgated by the City regarding unlawful searches. See Am. Compl.

Booker includes factual allegations that the City of Lynchburg supported a custom of unlawful search by its officers. Specifically, Booker asserts that police officers on patrol got behind cars to determine "if anything [was] going on" and further, that these officers "only . . . [got] behind cars occupied by young Black men or women."[3] Am. Compl. ¶¶ 10–11. These allegations standing alone and without more fail to demonstrate that the alleged practices by police officers are "so frequent in occurrence" as to imply knowledge by the City. Jackson, 771 F. Supp. 2d at 604. Thus, Booker's allegations of a custom of unlawful search lack the necessary factual content to allow leave under Fed. R. Civ. P. 15(a)(2). Accordingly, I recommend denying

---

[3] Plaintiff's thirteen instances do not support this Count. The examples describe instances of excessive force. Am. Compl. ¶ 61. They do not obviously relate to unlawful search or seizure. See id.

Booker's motion for leave to amend to assert an unlawful search claim against the City in Count I.

### ii. Excessive Force and Unconstitutional Custom or Policy (Counts I and VII)

Where plaintiff seeks to establish liability based on unconstitutional custom—as opposed to an express policy—he must demonstrate that practices are "so frequent in occurrence that actual or constructive knowledge is implied." Id. Further, a municipality's conduct must rise to the level of "deliberate indifference." City of Canton v. Harris, 489 U.S. 378, 388–89 (1989). Custom need not involve direct action from the municipality, and a court may infer it "from continued inaction in the face of a known history of widespread constitutional deprivations on the part of city employees." See Jones v. Chapman, No. ELH-14-2627, 2015 WL 4509871 *13 (D. Md. July 24, 2015) (citing Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1994)). A court may not infer custom from merely isolated incidents. Id.

Booker alleges that the City had a custom or policy allowing the use of excessive force. See, e.g., Am. Compl. ¶ 157. He cites no such policy. Booker does allege sufficient facts to plead that a custom of allowing excessive force exists. See Am. Compl. ¶ 61. Plaintiff provides thirteen examples of excessive force by Lynchburg Police officers between March 2001 to March 2020. Id. Booker further alleges that the City has taken no action in response to these incidents, including a failure to discipline officers. Am. Compl. ¶¶ 155-56, 157(f).

The examples of excessive force by Lynchburg police officers are sufficient to imply that the City had constructive knowledge of a custom that its officers used excessive force against its citizens and that the City had a deliberate indifference to such acts. See Jones, 2015 WL 4509871 at *12–17 (permitting Monell unconstitutional custom claim to proceed past motion to dismiss when plaintiff alleged three examples of misconduct); see also Lucero v. Early, No. GLR-13-

1036, 2019 WL 4673448, at *10 (D. Md. Sept. 25, 2019) (finding deliberate indifference to support failure to train claim where police department was aware of discriminatory enforcement and took no action).

Of course, Booker's thirteen examples do not explain the precise circumstances of the encounters or contextualize them within the larger contexts of arrests that occur in Lynchburg. See Am. Compl. ¶ 61. Nevertheless, the Fourth Circuit clarified that a Monell plaintiff need not "plead the multiple instances of constitutional violations that may be necessary at later stages to establish the existence of an official policy or custom and causation." Jordan by Jordan v. Jackson, 15 F.3d 333, 339–40 (4th Cir. 1994); see also Jones, 2015 WL 4509871 at *12–17.

Thus, I recommend granting Booker's motion for leave to amend his unconstitutional policy or custom claim against the City.

### iii. **Conspiracy to Violate Civil Rights (Count II)**

To cite a claim for conspiracy to deprive an individual of a constitutional right in violation of § 1983, a plaintiff must allege that defendants (1) acted jointly in concert, (2) performed an overt act, (3) in furtherance of a conspiracy, that (4) resulted in the deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996) (citing Hafner v. Brown, 983 F.2d 570, 577 (4th Cir. 1992)). A plaintiff asserting a conspiracy claim under § 1983 must do so with specificity. Moore v. Kagler, No. 5:14-cv-33, 2014 WL 5092016, at *11 (N.D.W. Va. Oct. 9, 2014) (citing Martin v. Supreme Court of State of N.Y., 644 F. Supp. 1537 (N.D.N.Y. 1986)). A conspiracy complaint need not include "detailed factual allegations . . . [but] a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Here, Booker has failed to assert sufficient facts beyond conclusory allegations to support a claim of conspiracy to violate civil rights. See Gooden v.

Howard Cty., 954 F.2d 960, 969–70 (4th Cir. 1992); see also Am. Compl. ¶ 109 ("Defendants acted jointly and in concert."); id. ¶ 110 ("All defendants took some overt act in furtherance."); id. ¶ 111 ("[E]ach defendant either participated in the use of excessive force . . . or acquiesced in the actions."). Booker's thirteen alleged instances of excessive force by the City of Lynchburg Police Department are similarly unhelpful. Id. ¶ 61. These allegations may suggest that the City had knowledge its officers used excessive force, but these incidents do not provide a basis to conclude that Defendants "acted jointly in concert." Hinkle, 81 F.3d at 421.

Accordingly, I recommend denying Booker's motion for leave to amend his conspiracy claim against the City.

### iv.  Condonation (Count V)

Under the condonation or ratification theory of liability, a municipality violates § 1983 if policymakers fail to remedy "a widespread pattern of unconstitutional conduct." Owens v. Balt. City State's Atty's Office, 767 F.3d 379, 402 (4th Cir. 2014) (citing Spell v. McDaniel, 824 F.2d 1380, 1390 (4th Cir. 1987)). A plaintiff must prove that there is a "persistent and widespread practice[] of municipal officials" and that the "duration and frequency" of such indicates that policymakers (1) had either actual or constructive notice of unconstitutional conduct by its officers but (2) the municipal officials failed to correct unconstitutional conduct due to their "deliberate indifference." Id. at 402–03 (citing Spell, 824 F.2d at 1386–91). Isolated or sporadic misconduct by officers is insufficient to successfully assert a § 1983 claim under condonation theory. Id. (citing Spell, 824 F.2d at 1387).

Booker has sufficiently pled condonation. While proving a condonation claim "is no easy task" alleging a condonation claim "is, by definition, easier." Id. A plaintiff need only support a condonation claim at the pleading stage with facts which, if true, "state a claim to relief that is

*plausible* on its face." Id. at 403 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The facts

"need not be particularly detailed." Id. (citing Iqbal, 556 U.S. at 678). "[G]eneral averments of

an unconstitutional policy or custom" paired with "particular examples" of deliberate

indifference by officials are sufficient at this stage. Jones, 2015 WL 4509871 at *17.

Here, Plaintiff alleges that the City condoned a pattern and practice of misconduct where

individuals, specifically Black individuals, faced excessive force by officers effecting arrest. Am.

Compl. ¶¶ 11, 61, 138–39. To support this claim, Booker points to the thirteen particular

instances of unconstitutional conduct, many of which preceded the events at issue. Id. ¶ 61. He

alleges that the City had actual knowledge of the persistent unconstitutional use of excessive

force by its officers. Id. ¶¶ 138–39. In the alternative, Booker suggests that the City had

constructive knowledge that its officers were routinely engaged in the unconstitutional use of

excessive force based on the many, repeated instances of excessive force by officers. Id. ¶ 61. If

documented through discovery, these factual allegations could support a Monell claim that the

City was deliberately indifferent to the actions of its officers and condoned such conduct.

Defendants argue that these thirteen illustrations do not support Booker's claim because they

lack specificity and many occurred after the incident in question. Dkt. 27. Nevertheless, courts

have allowed condonation claims to survive even when plaintiff provides few examples. See,

e.g., Washington v. Balt. Police Dep't, 457 F. Supp. 3d 520, 535–36 (D. Md. 2020).

As to deliberate indifference, Booker alleges that despite knowledge that officers used

excessive force, the City responded by determining officer action was "within policy." Am.

Compl. ¶ 139. These allegations are sufficient—at this stage in the proceedings—to establish that

the City was deliberately indifferent to the officers' use of excessive force. Defendants'

argument requires too much of Booker at this stage. See Lucero, 2019 WL 4673448, at *10

(finding deliberate indifference to support failure to train claim where police department was aware of discriminatory enforcement and took no action); Smith v. Aita, No. CCB-14-3487, 2016 WL 3693713, at *4 (D. Md. July 12, 2016) (holding that plaintiff should survive motion to dismiss on condonation claim when he alleged that municipality was aware of constitutional violations by police officers but took no corrective action).

Based on the foregoing, I recommend granting Booker's motion for leave to amend his condonation claim (Count V) against the City.

### v.  Failure to Train (Count VI)

In some instances, a municipality's "decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." Connick, 563 U.S. at 61. A failure to train claim rises to the level of a § 1983 violation when the municipality's failure to train its employees amounts to "deliberate indifference" to the rights of the person affected by the untrained employee. Id. (citing Canton, 489 U.S. at 388). Ordinarily, such deliberate indifference requires plaintiff to establish "[a] pattern of similar constitutional violations by untrained employees." Id. at 62.

Deliberate indifference is a "stringent standard," and a municipality's culpability is often "at its most tenuous" when a claim turns on failure to train. Id. at 61. Nevertheless, deliberate indifference is not a heightened pleading standard. See Snyder v. City of Alexandria, 870 F. Supp. 672, 691 (E.D. Va. 1994). Booker merely needs to plead with sufficient specificity to state a claim.

Booker adequately pleads failure to train. Here, Booker provides a list of deficient training programs—tactics, K9, and use of force—and specifically alleges that the City lacks annual excessive force training. Am. Compl. ¶¶ 43–44, 65–67, 69–70, 72. To illustrate these

training deficiencies, Booker highlights thirteen instances where Lynchburg Police officers injured citizens. Id. ¶ 61. These factual allegations go beyond a generic restatement of the elements of a Monell failure to train claim.

Nevertheless, Defendants argue that Booker's failure to train claim should not survive a motion to dismiss under 12(b)(6) on the ground of futility. Dkt. 27. Among Defendants' arguments is that Plaintiff has not alleged any specific facts about training the officers received. See id. Defendants seek more than Rule 12(b)(6) requires. See Iqbal, 556 U.S. at 678 (stating a complaint need only "state a claim to relief that is plausible on its face").

Moreover, the Monell context raises special concerns when considering the futility of a failure to train claim:

> [I]t will often be the case that a plaintiff lacks specific details regarding the municipal actor's internal policies and training procedures before discovery . . . [A]t the motion to dismiss stage, courts should not expect the plaintiff to possess a rich set of facts concerning the allegedly unconstitutional policy and the responsibility of responsible policymakers . . . [These are] topic[s] properly left to development through discovery. It is a rare plaintiff who will have access to the precise contours of a policy or custom prior to having engaged in discovery, and requiring a plaintiff to plead its existence in detail is likely to be no more than an exercise in educated guesswork.

Johnson, 2020 WL 1169739 at *34 (citations omitted). This rationale follows the Fourth Circuit's general philosophy of generously construing civil rights complaints. See, e.g., Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); Arbaugh v. Board of Educ., Cty of Pendleton, 329 F. Supp. 2d 762, 767 n.4 (N.D.W. Va. 2004) (describing Fourth Circuit's approach to construing civil rights complaints and applying at the motion for leave to amend stage).

Given the foregoing, I recommend granting Plaintiff's motion for leave to file an amended complaint as to Count VI for failure to train.

### D.  Claims Against Officers Schartiger, Bragg, and Godsie

#### a.  Negligence (Count VIII)

Booker reasserts a count of negligence against Officers Schartiger, Bragg, and Godsie. Am. Compl. ¶¶ 163–74. Judge Moon previously dismissed any claim of simple negligence with prejudice based on sovereign immunity. Dkt. 20. Therefore, I recommend denying Booker's motion for leave to file an amended complaint as to Count VIII to the extent it states a claim for simple negligence. Conversely, Judge Moon allowed Booker's claim insofar as it stated a claim for gross negligence. Id. Therefore, I recommend granting Booker's motion for leave to file an amended complaint as to Count VIII but only to the extent it states a claim for gross negligence.

#### b.  Fourteenth Amendment (Count IV)

Booker reasserts a substantive due process claim under the Fourteenth Amendment against Officers Schartiger, Bragg, and Godsie. Am. Compl. ¶¶ 124-34. Judge Moon previously dismissed Booker's substantive due process claim in the original complaint without prejudice holding that substantive due process was not the proper vehicle for Booker's claims, except for his claim for denial of medical care. Dkt. 20. Finding the same to be true, I recommend denying Plaintiff's motion for leave to file Count IV asserting a substantive due process claim except to the extent Booker contends that the alleged denial of medical care violated his substantive due process rights under the Fourteenth Amendment.

#### c.  Claims Against Officers in their Official Capacities

Judge Moon dismissed Booker's claims against the officers in their official capacity as duplicative of the claims against the City of Lynchburg. Dkt. 20, 21. I recommend denying Booker's motion for leave to amend to the extent he reasserts claims against the officers in their official capacity.

**E.  Conclusion**

For the foregoing reasons, I recommend **GRANTING IN PART and DENYING IN PART** Booker's Motion for Leave to File an Amended Complaint as set forth below:

As to Booker's federal claims against the City of Lynchburg: I recommend granting leave to amend as to Count I (Excessive Force), Count V (Condonation), Count VI (Failure to Train), and Count VII (Unconstitutional Custom or Policy). I recommend denying leave to amend for Count I (Unlawful Search) and Count II (Conspiracy).

As to Booker's state law claims against the City of Lynchburg: I recommend denying the motion for leave to amend for Count X (Negligent Retention).

As to Booker's federal claims against Officers Schartiger, Bragg, and Godsie: I recommend granting the motion for leave to amend as to Count I (Unlawful Search and Excessive Force Violations) and Count II (Conspiracy to Violate Civil Rights).

As to Booker's state law claims against Officers Schartiger, Bragg, and Godsie: I recommend granting leave to amend as to Count IX (Malicious Prosecution) and Count III (Assault and Battery). I also recommend granting leave to amend for Count VIII (Negligence) to the extent it states a claim for gross negligence. I recommend denying leave to amend as to Count IV (Fourteenth Amendment) except to the extent it makes a claim for denial of medical care.

The Clerk is directed to transmit the record in this case to Judge Norman K. Moon, Senior United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not

specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Entered:  November 12, 2020

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge