## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF VIRGINIA (Lynchburg)

| | |
|---|---|
| **LARRY ANTHONY BOOKER,** | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )   **Civil Docket Case No: 6:20-cv-00011-NKM** |
| | ) |
| **CITY OF LYNCHBURG,** *et als* | ) |
| *Defendants.* | ) |

## MEMORANDUMM IN SUPPORT OF PLAITIFF'S MOTION IN LIMINE TO EXCLUDE OR IN THE ALTERNATIVE STRIKE THE EXPERT REPORT, OPINION, AND TESTIMONY OF COREY M. WEBB

Pursuant to the Federal Rules of Evidence ("F.R.E.") 702 and 703, Plaintiff's Counsel seeks to exclude or strike Defendant's expert, Captain Corey M. Webb, from serving as an evidentiary conduit for unauthorized legal conclusive statements.  Much of Defendant's Expert's Opinion, pages three through five consists of a legal conclusion to which Defendant's expert has no personal knowledge. Rather than conduct an analysis of the facts using any type of peer reviewed objective methodology, Defendant's expert simply relies on this factual narration as the output, as well as the source, of his work.

F.R.E. 702, as elucidated by the familiar Daubert line of cases, requires that, to be admissible, expert testimony must be the product of reliable principles and methods.  The expert's testimony must also be based upon sufficient facts or data and apply the principles and methods reliably to those facts. Here, there simply is no such process; the analysis is merely the assertions of the expert." Kunzho Tire Co., Ltd., v. CarMichael, etc., 526 U.S. 137, 141 (1999). Further, much of Defendant's expert report violates F.R.E. 703. That rule provides that, regardless of the expert's methodology, admissibility of hearsay evidence purporting to support expert testimony is limited. The probative value the of the hearsay testimony must substantially

outweigh the danger that the Court will use the hearsay for its truth. Here, there is little to no bona fide expert opinion to begin with, so there is no legitimate need to admit the hearsay testimony to support the opinion. By this motion, therefore, Plaintiff's Counsel respectfully moves this Honorable Court for an order excluding portions of Defendant's Report or in the alternative striking the Defendant's report in its entirety.

## I.     BACKGROUND

This case brought by the Plaintiff arises from allegations of violations of *42 U.S.C. §1983,* use of excessive force, conspiracy to violate civil rights, assault and battery, negligence, intentional infliction of emotional distress, malicious prosecution, negligent retention, failure to train, and unconstitutional policy against the City of Lynchburg, Lynchburg Chief of Police, Lynchburg City Police Department, L.I. Schartiger ("Schartiger"), J.H. Bragg ("Bragg"), and N.R. Godsie ("Godsie"), based upon the brutal beating of Plaintiff by the defendant police officers. Mr. Booker filed his original Complaint in this case on March 17, 2020.

Pursuant to this Honorable Courts Scheduling Order, and an agreed order extending the expert disclosure deadline "Plaintiff's expert disclosure deadline was extended to May 9, 2021. Defendants' expert disclosure deadline was extended to June 8, 2021. All other provisions set forth in the Pretrial Order (Dkt. 12) shall remain in effect."

As part of its submission, the Defendant's submitted the report of Captain Corey M. Webb, its expert on "excessive force" on June 22, 2021. (*See attached as Exhibit A*). In his report, the Defendant's expert "Incident synopsis and Analysis" section poorly summarizes the rendition of the facts. The Defendant's expert then goes on to "analyze" Mr. Booker's behavior as a catalyst for the officers' actions but his "analysis" like the majority of his report is mainly a mere factual recitation peppered with legal conclusions and hearsay. Specifically, the

Defendant's expert report identifies the below "opinions/legal conclusions" that he intends to introduce during depositions and testimony at trial:

These opinions are numbered in Defendant's Expert report and are referred to throughout this memorandum as "Opinion [Number]" for the ease of the Court.

1. "Officer Schartiger asked Mr. Booker if there were any weapons in the vehicle and Booker told him that he (Schartiger) couldn't search his car.'
2. "During the struggle to handcuff Booker, Officers Schartiger and Bragg, along with Booker, fell to the ground."
3. "Booker was continuously told to put his hands behind his back and was clearly resisting."
4. "As a result, during the ground struggle, the K-9 bit and locked on to Booker's right leg below the calf but above the ankle."
5. "Officer Bragg then quickly called Lynchburg Communications and requested medical assistance for Booker."
6. "The United States Supreme Court case governing the use of force by police is Graham v. Connor, 490 U.S. 386 (1989). This case established three things that law enforcement should consider prior to using any force."
7. "In my opinion, I believe the stop, the search and the use of force exhibited by Officers Schartiger, Bragg and Godsie, including the physical struggle, the baton strikes and the use of the K-9, were justified."
8. "Booker was legally pulled over for failing to stop."
9. "Booker walked toward the middle of the street. This action, along with the information received from Lynchburg Communications and the fact Booker was looking around in different directions and pulling up his pants, were indicators that a subject may fight the officers or flee the area."
10. "In my opinion, the search of the immediate area (wingspan) of the driver's seat, where Booker was sitting while operating the vehicle, was reasonable to ensure that a firearm wasn't in the immediate reach of Booker once he got back in the vehicle, based on the information received from Lynchburg Communications stating that he was known to be in possession of a firearm."
11. "Booker then struggled in an attempt to get away from Officers Schartiger and Bragg."
12. "Officers Schartiger and Bragg utilized a two-man take down, and got Booker to the ground." (See number 2)
13. "Booker continued to resist and was subsequently bit by the police K-9, which was justified to apprehend Booker due to his active resistance."
14. "In my opinion, the escalation from officer presence, to verbal commands, to hand-on techniques, to K-9 and baton strikes was [sic] justified and reasonable due to Booker attempting to escape from detainment and continuing to resist arrest and also conformed with the Lynchburg Police Department's Use of Force Policy and Canine Police."

15. "With the information received, it is my opinion, to a reasonable degree of professional certainty, that the Officers' use of force exhibited in this matter, including the physical altercation with a take down, use of K-9, hand strikes was [sic] justified and proportional in responding to the plaintiff's actions."
16. "The stop and search were also reasonable and justified, and consistent with accepted law enforcement standards of police practices and training."

## II.     LEGAL STANDARDS FOR DAUBERT AND ADMISSIBILITY

F.R.E. 702 provides that if "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue," a witness qualified as an expert . . . "may testify in the form of an opinion or otherwise." The "touchstone" of this rule is whether the testimony will assist the jury. *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011). However, expert testimony that merely states a legal conclusion or simply applies the law to the facts does not to assist the jury because it "supplies the jury with no information other than the witness's view of how the verdict should read." *Id*.

As set forth in *Daubert* and its progeny, the Court serves as a gatekeeper to ensure that expert testimony is reliable, helpful, and will not be given undue weight or otherwise mislead the jury. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).  It is a fundamental tenet that expert testimony on the meaning and application of the relevant law is inadmissible. *See United States v. McIver*, 470 F.3d 550, 561-62 (4th Cir. 2006) ("opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible"); *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) (noting, "[t]his circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion."). An expert who offers legal conclusions usurps not only the judge's duty to set forth the law but also the jury's role in applying this law to the evidence and facts of the case. Put simply, "[i]n our adversarial system, lawyers make arguments, judges write legal opinions--and there is no such thing as an expert opinion when it comes to interpreting

a statute unless that opinion belongs to a court." *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61, 69 (S.D.N.Y. 2001).

The Fourth Circuit including other Districts have routinely excluded testimony of purported "experts" that manifest conclusions about the law and how the law should apply to particular facts. *See Sun Yung Lee v. Zom Clarendon, L.P.*, 453 F. App'x 270, 278 (4th Cir. 2011) (affirming exclusion of expert testimony concerning existence of an easement in a real property dispute as it "opine[s] on the very nature of the dispute."); *Clem v. Corbeau*, 98 F. App'x 197, 201 (4th Cir. 2004) (expert testimony on whether force was reasonable in excessive force case based on experts' particular interpretations of the facts was properly excluded); *United States v. Barile*, 286 F.3d 749, 761-62 (4th Cir. 2002) (excluding expert's opinion that specific financial submissions did not contain "materially misleading statements"); *Marx & Co. v. Diners' Club Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977) (excluding attorney expert testimony on the meaning of particular contractual terms at issue in the case and whether the party had complied with those terms); *Georgia-Pac. Consumer Prods. LP v. Kimberly-Clark Corp.*, No. 09 C 2263, 2010 WL 1334714, at *6-7 (N.D. Ill. Mar. 31, 2010) (excluding expert testimony on trademark validity and functionality).

In the Fourth Circuit, expert testimony proffering legal conclusions or simply applying the law to personal interpretations of the facts is not considered helpful to the jury and instead "risk[s] 'supplant[ing] a jury's independent exercise of common sense' and its role of determining the facts." *Clem v. Corbeau*, 98 F. App'x 197, 201 (4th Cir. 2004) (citing *Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993)).

Under F.R.E. 702, to be admissible expert testimony must: (a) help the trier of fact (b) be based on sufficient facts or data, (c) be the product of reliable principles and methods that

were (d) reliably applied to the facts of the case. These requirements "impose [] a special obligation upon a trial judge to ensure than any and all scientific testimony is not only relevant, but reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999), *quoted in United States v. Hassan*, 742 F.3d 104, 130 (4th Cir. 2014). It is well-settled in the Fourth Circuit, that "expert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or other technical expertise, are inadmissible under F.R.E. 702." *Nimely v. City of New York*, 414 F.3d 381, 398 (2d Cir. 2005), *quoted in United States v. Allen*, 716 F.3d 98, 106 (4th Cir. 2013). Moreover, "when a witness gives an opinion about the meaning of a specialized legal term, the witness is giving a legal conclusion that is better handled by the judge and, coming from the witness, will be of little assistance to the jury." *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011). Accordingly, expert testimony proffering legal conclusions is inadmissible under F.R.E. 702 because "it does not help the jury for an expert to give testimony that states a legal conclusion or draws a legal conclusion by applying law to the facts." *Id*. (internal citations and quotations omitted).

### III. ARGUMENT

*A.    DISCUSSION.*

F.R.E. 702 states: [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise, if (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In the event proffered testimony is challenged, the proponent of the expert testimony must

establish its admissibility by a preponderance of the evidence. *Cooper v. Smith & Nephew, Inc.,* 259 F.3d 194, 199 (4th Cir. 2001). This is a burden the defendants cannot meet. Captain Webb has not demonstrated that he is qualified to opine on many of the issues he discusses in his expert report. Captain Webb's opinions are not grounded in sufficient or accurate facts and data, nor does he employ even a scintilla of principles and methods reflective of the actual facts of the case. Moreover, instead of utilizing reliable principles and methods, Captain Webb proffers no basis for any of the opinion offered in his s and neglects to disclose the sources, experiences, or methods he relies upon in reaching his conclusions. Additionally, Captain Webb's opinions have no credible foundation, are not based in fact, and are seemingly just a recitation of the allegations set forth by the defendants.  The opinions in his report are singularly unhelpful to triers of fact; and, will be a waste of time for the Court, the parties, and the triers of fact should he be allowed to testify.

Plaintiff's Counsel found it very disconcerting to receive a bill from Defendant's purported expert where he was to be deposed from his submitted report grounded in exaggerated opinions, hearsay, and legal conclusions. (*See attached as Exhibit B*)

**B.   CAPTAIN COREY M. WEBB'S CURRICULUM VITAE REFLECT THAT HIS OPINIONS REGARDING CRUCIAL ISSUES OF THIS CASE ARE OUTSIDE HIS AREAS OF EXPERTISE.**

F.R.E. 702 permits a witness who is qualified as an expert by "knowledge, skill, experience, training, or education" to give opinion testimony. *ePlus Inc. v. Lawson Software, Inc.,* No. 3:09cv620, 2013 WL 1287721, at *2 (E.D. Va. Mar. 27, 2013). Though these bases for qualification are disjunctive, *Friendship Heights Assocs. v. Koubek,* 785 F.2d 1154, 1159 (4th Cir. 1986), whether a witness is sufficiently qualified "can only be determined by the nature of the opinion offered." *Piankatank River Golf Club, Inc., v. Selective Way Ins. Co.,* No. 3:08cv606, 2009 WL 1321512, at *4 (E.D. Va. May 11, 2009). This need for case-by-case evaluation means that a

witness' expertise in one area "does not *ipso facto* qualify him to testify as an expert in all related areas." *Shreve v. Sears, Roebuck& Co.,* 166 F. Supp. 2d 378, 391 (D. Md. 2001) (finding mechanical engineer's general technical knowledge did not, without more, qualify him as an expert in the design or manufacture of outdoor power equipment). *See also Oglesby v. Gen. Motors Corp.,* 190 F.3d 244, 250 (4th Cir. 1999) (affirming district court's exclusion of testimony from well-qualified mechanical engineer due to his lack of specialized experience with particular issue of the case).

There is little doubt that as a rank of Captain in the Sheriff's office, Captain Webb has sufficient knowledge, skill, experience, training, or education to be deemed an expert in certain aspects of law enforcement, including administrative operations and records in law enforcement, case review in the Sheriff's Office Investigative Division, and Supervisory duties within the Sheriff's Department, including special assignments. However, Captain's Webb's accomplishments in those fields do not automatically render him competent to testify upon the issues at stake in this case. As discussed below, Captain Webb has demonstrated no expertise with excessive force, legal analysis, or law enforcement policy and procedures. Accordingly, his testimony as to these issues should be excluded.

C.  *CAPTAIN COREY WEBB HAS NOT DEMONSTRATED EXPERTIES IN LEGAL EDUCATION/ANALYSIS.*

As his educational background, experience, and expert report demonstrate, Captain Webb is completely unqualified to testify as an expert witness in analysis of case law, specifically outlining a legal examination of whether a police officer used excessive force in violation of the Fourteenth Amendment of the United States Constitution. Indeed, nowhere in his four-page *curriculum vitae* does the words or phrases involving, legal analysis, Constitutional interpretation, or any specialized study of law even appear. Not only has he not written or taught on the subject

of legal analysis or evaluating law enforcement personnel on Constitutional violations, he has not even taken one course or training seminar on the subject. *See Exhibit C*. Captain Webb's lack of experience and education in legal analysis, Constitutional interpretation, or even training in excessive force prevents him from submitting any legal or Constitutional scrutiny, already prohibited by an expert witness under F.R.E. 702 and 703.

Captain Webb's twenty-eight years as a law enforcement professional notwithstanding, he has limited publications if any, and none in the last ten years. Captain Webb has not even provided testimony or a deposition within the last ten years. The limited encounters involving potential Constitutional violations of the police and lack of experience in excessive force are insufficient under F.R.E. 702 to establish Captain Webb as an expert when it comes to the capabilities or evaluation of individuals charged with Constitutional violations of excessive Force under the Fourteenth Amendment as presented by his Expert Disclosure. As such, Captain Webb is not qualified to offer opinions as to excessive force, and not allowed to craft legal conclusions hence, the entirety of his report should be struck from the record.

**D.     CAPTAIN WEBB'S OPINIONS ARE NOT DERIVED FROM RELIABLE PRINCIPLES AND METHODS, BUT MERELY CONVEY DEFENDANTS' CLAIMS.**

F.R.E. 702 contains two additional requirements to ensure the reliability of expert testimony. First, the expert's testimony or opinions must be "the product of reliable principles and methods." F.R.E. 702. Additionally, there must be a showing that the expert "has reliably applied the principles and methods to the facts of the case." *Id.* The Fourth Circuit has held these twin requirements to mean that an "expert opinion must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *O'Neill v. Windshire-Copeland Assocs.,* 372 F.3d 281, 285 (4th

Cir. 2004) (citation omitted). Notably, when evaluating the reliability of an expert's methods, the trial court's gatekeeper function requires more than simply "taking the expert's word for it." F.R.E. 702 advisory committee's note, *2000 Amendment*. *See also Daubert v. Merrell Dow Pharm., Inc.,* 43 F.3d 1311, 1319 (9th Cir. 1995) ("We've been presented with only the experts' qualifications, their conclusions and their assurances of reliability. Under *Daubert,* that's not enough.") *Id.*

Far from providing opinions based on scientific, technical, or other specialized knowledge, Captain Webb's expert report literally reads as if it were drafted by the police officer defendants. Plaintiff Counsel is persuaded by the report that the Captain's Webb's deposition testimony would be replete with conclusive legal unfounded assertions, personal opinions, and conclusions that fail to consider obvious alternative explanations - factors that detract from the testimony's reliability. *Id.* Because Captain Webb's opinions are based neither on reliable principles and methods nor on reliable application of such principles and methods to the facts of the case, they should be excluded under F.R.E. 702.

### III. CONCLUSION

The Defendants have consulted with Captain Webb as an expert and intends to present testimony from him at trial and depositions. Captain Webb's impermissibly offers a host of legal conclusions and self-serving opinions in his expert disclosure. This is not allowed under F.R.E. 702 and 703. Upon request for Deposition of Captain Webb, Defense Counsel provided a bill with expenses derived from the Captain Webb's expert disclosure, asserting the legal conclusions, hearsay, and unsupported opinions. Plaintiff maintains that Captain Webb's opinions, hearsay, and legal conclusion are not allowed. For the foregoing reason, Captain Webb's expert disclosures should be precluded in its entirety as outside the scope of his expertise, unreliable, and unhelpful

to the trier of fact, thus, Plaintiff hereby moves to exclude any opinions, or testimony or in the alternative strike the entire report.

                                                                                           Respectfully Submitted,

                                                                                           Larry A. Booker
                                                                                           By Counsel

/s/ Carlos A. Hutcherson
Carlos A. Hutcherson, Esq. (VSB# 83100)
Hutcherson Law, PLC
3610 Campbell Avenue
Lynchburg, Virginia 24501
Telephone:    (434) 455-8100
Facsimile:    (888) 351-0363
c.hutchersonesq@yahoo.com
*Counsel for Plaintiff*

Steven D. McFadgen Sr., Esq. (VSB# 83273
McFadgen Law, PLC
3831 Old Forest Road, Suite 6
Lynchburg, Virginia 24501
Telephone:    (434) 385-4579
Facsimile:    (888) 873-1048
muchmorelaw@gmail.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of October, 2021, a copy of the foregoing Motion was electronically filed and mailed by U. S. Mail to the following:


Jim H. Guynn, Jr., Esq. (VSB# 22299)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia 24513
Telephone: (540) 387-2320
Facsimile:  (540) 389-2350
jimg@guynnwasddell.com
Attorney for Defendants

Julian F. Harf, Esq.  (VSB# 90775)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia 24513
Telephone: (540) 387-2320
Facsimile:  (540) 389-2350
julianh@guynnwaddell.com
Attorney for Defendants


    /s/ Carlos A. Hutcherson
Carlos A. Hutcherson, Esq. (VSB# 83100)
Hutcherson Law, PLC
3610 Campbell Avenue
Lynchburg, Virginia 24501
Telephone:     (434) 455-8100
Facsimile:      (888) 351-0363
c.hutchersonesq@yahoo.com
Counsel for Plaintiff

Steven D. McFadgen Sr., Esq. (VSB# 83273)
McFadgen Law, PLC
3831 Old Forest Road, Suite 6
Lynchburg, Virginia 24501
Telephone:     (434) 385-4579
Facsimile:      (888) 873-1048
muchmorelaw@gmail.com
Counsel for Plaintiff